Morski et al., Appellants, v. Cedarcrest Homes, Inc., Appellee.

[Cite as Morski v. Cedarcrest Homes, Inc., 7 Ohio App. 2d 45.]

(No. 8031—Decided July 12, 1966.)

Mr. John E. Palcich, for appellants.
Mr. Dwight L. Fullerton, Jr., for appellee.

Duffy, J. (Presiding). The plaintiffs, appellants herein, purchased a home from the defendant, appellee herein, which was building and erecting houses. Several months after the sale was completed and the plaintiffs had moved into the property, they discovered that their driveway encroached on the adjacent property two feet, three inches at the street, and one foot, eight inches near the rear of the house. The plaintiffs brought suit in the Municipal Court of Columbus for damages because of the misplaced driveway. The trial judge found that the driveway did encroach on the adjacent property, but that the plaintiffs "failed to show by a single word of testimony that the defendant-vendor or any person acting for it represented by word, conduct, document, map, drawing, or otherwise that said driveway was within the boundary of the property." The court relied on the cases of Leppert v. Bosserman, 21 Ohio App. 366, and Mulvey v. King, 39 Ohio St. 491.

While the trial court found that the record was silent as to any representations by the defendant, the transcript of testimony does indicate that the pegs for the outline of the driveway were in place when the plaintiffs examined the property, that the contract of sale did provide for a paved driveway, and that the defendant corporation did own the adjoining property

and was in the business of building and selling houses. There was also evidence that the defendant had had the property surveyed prior to the commencement of the building.

We are of the opinion that where a builder owns adjoining properties and sells a house and driveway, the location of which is apparent to the purchaser, it is a sufficient representation that the house and driveway are on the lot sold by the builder. The finding of the trial court that the record was silent as to any representations by the defendant is in error. The judgment of the trial court will be, and hereby is, reversed and the cause remanded to the trial court for further consideration in line with this opinion.

*Judgment reversed and cause remanded.*

DUFFEY and TROOP, JJ., concur.